| | |
|---|---|
| STATE OF MAINE<br>SAGADAHOC, SS | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No. |

| | | |
|---|---|---|
| Gloria D. Pallis, | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | COMPLAINT |
| | : | |
| General Dynamics Corporation and<br>Bath Iron Works Corporation, | : | |
| | : | |
|     Defendants | : | |

Plaintiff, Gloria D. Pallis, for her Complaint against Defendants General Dynamics Corporation ("General Dynamics") and Bath Iron Works Corporation ("Bath Iron Works"), states as follows:

1. Ms. Pallis is an individual who, at times relevant to this Complaint, resided in Dresden, Maine, and who is or was an eligible participant in a disability benefit plan (the "Plan") provided and funded by her employer, Bath Iron Works.

2. General Dynamics is a fiduciary under and administrator for purposes of benefit determinations made pursuant to the Plan.

3. Bath Iron Works is the self-insured and a fiduciary under the Plan.

4. Ms. Pallis brings this action under sections 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (a)(3), to recover benefits or, in the alternative, other equitable relief in the form of surcharge, under the Plan.

## Claims for Relief

1. On April 10, 1995, Ms. Pallis was injured on the premises of Bath Iron Works during the course of her employment.

2. At the time of the incident, Ms. Pallis had been an employee of Bath Iron Works for more than ten (10) years and had attained the age of thirty-five (35).

3. As a result of this injury, Ms. Pallis ceased working at Bath Iron Works on September 15, 1997.

4. Following her injury, Ms. Pallis and Bath Iron Works litigated, for years, her claims under the State's workers' compensation act and the Longshore and Harbor Workers' Compensation Act (the "Longshore Act").

5. During both litigations, Bath Iron Works received and reviewed substantial medical documentation that, *inter alia*, confirmed Ms. Pallis's total disability. Based upon this information, Ms. Pallis was entitled to and received workers' compensation benefits. Additionally, she was found totally disabled under the Longshore Act by ALJ Jeffrey Tureck, who rules Ms. Pallis was "temporarily and totally disabled, and is entitled to compensation, which is the responsibility of BIW."

6. As a result of her disability, Ms. Pallis experienced a severance from service, as defined by the Plan, on October 24, 2001.

7. Upon her severance, upon information and belief, Bath Iron Works either intentionally or negligently coded Ms. Pallis's separation from employment such that she would not receive notice concerning benefits to which she was entitled, including the benefit at issue in this action.

2

8. In 2001, Ms. Pallis applied for disability benefits under Title II of the Social Security Act. The Social Security Administration approved Ms. Pallis's claim when it determined that, as a result of her injury from Bath Iron Works, she had been totally disabled since at least January 1, 1998. Upon information and belief, the information on which the SSA based its determination was the medical support from her claims under the Longshore Act and workers' compensation act.

## I. Breach of Plan

9. At all times relevant, Ms. Pallis was an eligible member under the Plan and is entitled to retirement pension benefits provided therein.

10. The Plan provides that General Dynamics will provide disability benefits, paid by Bath Iron Works, to participants who are considered disabled.

11. The Plan provides in relevant part that to be eligible for benefits,

> A Member who incurs a Total Incapacity for Performing Work [as defined in the Plan] . . . and following the completion of at least ten (10) years of Continuous Service and, in the case of a member of the BMDA, after attaining age thirty-five (35), may retire on a Disability Retirement Date. Such Disability Retirement Date shall be the first day of the calendar month following the later to occur of Severance from Service Date and receipt by the Administrator of proof of such disability satisfactory to it.
>
> An individual shall be considered to have suffered Total Incapacity for Performing Work for the purposes of Section 2.4 [of the Plan] when he is found to be disabled so as to be incapable of performing work in a shipyard. An individual who has been determined to be totally incapacitated for purposes of disability benefits under Title II of the Social Security Act shall be deemed to have a Total Incapacity for Performing Work. The determination whether any other individual has a Total Incapacity for Performing Work shall be made by the Administrator in accordance with this Section 2.4 [of the Plan].

3

12. Years later, Ms. Pallis was advised by a friend, who, like her, had resigned from employment due to disability. This friend, who was identically situated as Ms. Pallis, advised her of the existence of the benefit at issue in this action.

13. Upon learning that she was eligible to receive disability pension benefits pursuant to the Plan, Ms. Pallis timely requested the disability pension benefits to which she is entitled, retroactively payable May 1, 1995, the first month following the calendar month in which she provided proof to General Dynamics that she was disabled.

14. Initially, Generally Dynamics denied Ms. Pallis's claim *in toto*, alleging that, under the Plan, there was a requirement she file claims or disability pension benefits within 90 days of severance of employment. This was a misrepresentation of plan terms.

15. Following this initial denial, Ms. Pallis was forced to seek legal counsel, and General Dynamics agreed to reconsider the claim.

16. On March 25, 2019, General Dynamics reversed its application of the 90 day deadline and advised, in relevant part, as follows:

> As shown in the Plan and SPD [Summary Plan Description], when you terminated employment in 2001, the Plan did not require you to apply within 90 days. We understand that this rule was communicated to you in 2015 in error, and we apologize for the misstatement. This rule was changed effective January 1, 2002.

17. The Summary Plan Description (SPD) General Dynamics referenced was never provided to Ms. Pallis, as BIW is obligated to due under ERISA. *See* 29 U.S.C §§ 1021(a), 1022(a)-(b), 1024(b).

18. Despite this rule change, however, General Dynamics still partially denied this the claim. In essence, General Dynamics stated that Ms. Pallis was entitled to disability pension benefits dating back to May 1, 2015, the first day of the calendar month following the month in

4

which in which she provided General Dynamics with the decision by the Social Security Administration.

19. On May 30, 2019, Ms. Pallis timely appealed General Dynamics' denial of request for benefits.

20. On July 22, 2019, General Dynamics transmitted its denial of Ms. Pallis's appeal and reiterated its decision to award Ms. Pallis disability pension benefits under the Plan retroactive to May 1, 2015.

21. General Dynamics's letter provided Ms. Pallis six months to bring this action under ERISA.

22. In denying Ms. Pallis's request and appeal, General Dynamics failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation when it failed to, *inter alia*, render its decision on Ms. Pallis's appeal within forty-five (45) days. *See* 29 CFR 2560.503-1(i)(3)(i).

23. General Dynamics' denial of the appeal is incorrect, arbitrary, capricious, and untimely.

24. Ms. Pallis exhausted her administrative remedies.

25. As a result of the foregoing, Ms. Pallis has suffered a loss in the form of unpaid benefits, among other things.

26. Ms. Pallis is entitled to a judgment against the Defendants in the amount of the unpaid benefits under the Plan including, inter alia, disability benefits beginning November 1, 2001, the first day of the calendar month following her severance from service as defined by the Plan, as well as an order directing the Defendants to pay Ms. Pallis future disability benefits pursuant to the Plan.

27. Ms. Pallis is also entitled to pre-judgment and post-judgment interest, and an award of attorney's fees pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g), in amounts to be proven.

## II. Breach of Fiduciary Duty Against Bath Iron Works

28. Ms. Pallis incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. At all times relevant, Bath Iron Works and General Dynamics were ERISA fiduciaries and owed Ms. Pallis all of the duties prescribed under ERISA.

30. As the Plan Administrator, General Dynamics owes a fiduciary duty to participants and beneficiaries of the Plan, including Ms. Pallis for, *inter alia*, plan administration, including ensuring that members of the plan are fully, accurately, and timely informed of their rights, benefits, and the procedures afforded to then under the Plan.

31. Even if General Dynamics and Bath Iron Works did not violate the Plan when the determination was made to deny Ms. Pallis's request for disability pension benefits under the Plan, which they did, General Dynamics and/or Bath Iron Works breached their fiduciary duties to Ms. Pallis as an eligible member of the Plan when they failed to fully, accurately, and timely inform Ms. Pallis of the rights and benefits to which she is entitled under the Plan or provide her a Summary Plan Description of the same

32. Additionally, when Ms. Pallis's employment with Bath Iron Works terminated in 2001, Bath Iron Works erroneously coded or recorded the reason for her severance of service, causing Ms. Pallis to be misinformed and/or not fully, accurately, and timely informed of her eligibility and entitlement to certain disability pension benefits under the Plan.

33. Because she was not fully, accurately, and timely informed of her rights and eligibility for benefit under the Plan at the time of her severance of service, Ms. Pallis did not file her request for disability pension benefits until 2015.

34. Ms. Pallis's delay in filing her claim—which General Dynamics has since conceded is not a basis for its denying her claim for disability pension benefits—was entirely caused by Bath Iron Works' failure to properly inform her of her rights under the Plan at the time of severance.

35. Bath Iron Works' failure to inform Ms. Pallis of her rights constitutes a material omission under ERISA that resulted in substantial delays in her asserting her rights under the Plan.

36. Moreover, Bath Iron Works knew of Ms. Pallis's medical and financial position because of her workplace injury, which led to two separate litigations involving Bath Iron Works, and failed to provide her with accurate information about her eligibility for benefits under the Plan.

37. Rather, Bath Iron Works affirmatively entered an incorrect separation code that prevented Ms. Pallis from receiving the notice to which she was entitled.

38. Ms. Pallis reasonably relied to her detriment on this misrepresentations of General Dynamics and/or Bath Iron Works as to her eligibility for benefits under the Plan.

39. General Dynamics and/or Bath Iron Works breached their fiduciary duty to Ms. Pallis when they provided incomplete, inaccurate, and untimely information about her rights and benefits to which she was eligible under the Plan.

40. As a direct and proximate cause of the foregoing, Ms. Pallis has suffered a loss in the form of unpaid benefits, among other things.

41. In addition, General Dynamics and/or Bath Iron Works failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation when it failed to render its decision on Ms. Pallis's appeal within forty-five (45) days. 29 CFR 2560.503-1(i)(3)(i).

42. Ms. Pallis exhausted her administrative remedies.

43. Ms. Pallis is entitled to a judgment against General Dynamics and/or Bath Iron Works in the amount of the unpaid benefits under the Policy including, inter alia, disability benefits beginning November 1, 2001, the first day of the calendar month following her severance from service as defined by the Plan, as well as an order directing General Dynamics and/or Bath Iron Works to pay Ms. Pallis future disability benefits pursuant to the Plan.

44. Ms. Pallis is also entitled to pre-judgment and post-judgment interest and an award of attorney's fees pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g), in an amount to be proven.

WHEREFORE, Plaintiff, Gloria Pallis, requests the Court grant her the following relief from Defendant:

a. A judgment in the amount of all benefits due under the Plan plus pre-judgment and post-judgment interest;

b. A judgment ordering General Dynamics and/or Bath Iron Works to continue to pay Ms. Pallis disability pension benefits for as long as she remains totally disabled under the Plan;

c. A judgment ordering General Dynamics and/or Bath Iron Works to repay Ms. Pallis her costs and attorney's fees pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

d. All other relief to which she is entitled, including de novo review of the decision to deny the claim.

Dated: October 2, 2019

Andrew S. Davis, Esq. (Bar No. 005733)
LAMBERT COFFIN
One Canal Plaza, Suite 400
Portland, Maine 04101
207.370.3010
adavis@lambertcoffin.com